IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-01639-REB-KMT

BARBARA A. WYCKOFF,

    Plaintiff,

v.

LOVELAND CHRYSLER-PLYMOUTH, INC. d/b/a FERRERO AUTO CENTER, INC.,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**Blackburn, J.**

The matter before me is defendant's **Motion To Dismiss** [#17], filed November 1, 2007. I deny the motion.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." ***Fernandez-Montes v.***

*Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); ***see also Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003). I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, – U.S. –, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[1]

### III. ANALYSIS

Plaintiff claims that defendant, her former employer, fired her in violation of the Age Discrimination in Employment Act and the Americans With Disabilities Act. She filed a Charge of Discrimination with the EEOC on March 7, 2006. The Charge listed plaintiff's address as "10640 Barron Circle, Firestone, CO 80504." (Def. Motion App., Exh. 1.) The EEOC dismissed the complaint and issued a notice of right to sue on September 20, 2006. This notice was sent to plaintiff at "11193 W. ***18th Ave***, #10-204, Lakewood, CO 80215." (***Id.***, Exh. 3 (emphasis added).) Plaintiff, however, actually resides at 11193 W. ***17th Ave***. #10-204, Lakewood, CO 80215, and, therefore, never

---

[1] ***Twombly*** rejected and supplanted the "no set of facts" standard of ***Conley v. Gibson***, 355 U.S.41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The "plausibility" standard and its meaning were clarified recently in ***Robbins v. Oklahoma***, – F.3d –, 2008 WL 747132 (10th Cir. March 21, 2008).

2

received the notice, which was returned to the agency as undeliverable on September 24, 2006. On March 26, 2007, plaintiff's attorney sent a letter to the EEOC stating that the notice had not been received. The EEOC reissued notice of right to sue on May 17, 2007. This lawsuit was filed August 2, 2007.

Defendant maintains that plaintiff's claims are barred because they were filed more than ninety days after issuance of the original notice of right to sue. **See** 42 U.S.C. § 2000e-5(f)(1).[2] If however, as plaintiff argues, the time period did not begin to run until she actually received the reissued notice of right to sue, her filing would be timely. Significantly, plaintiff insists that she is not arguing that the statute of limitations should be equitably tolled, but rather that only her actual receipt of the notice of right to sue triggered accrual of the time period.

Defendant seeks to rely on a line of cases in which a plaintiff's failure to receive notice of right to sue is attributable to her failure to advise the EEOC that she has moved, as required by regulation, 29 C.F.R. § 1601.7(b). **See ,e.g.**, **Hunter v. Stephenson Roofing, Inc.**, 790 F.2d 472, 474-75 (6th Cir. 1986); **St. Louis v. Alverno College**, 744 F.2d 1314, 1316-17 (7th Cir. 1984). However, there is no admissible evidence here that plaintiff did not so advise the agency. Indeed, it appears clear that, in fact, she did make an effort to update her current mailing address with the EEOC, but that, for reasons not entirely apparent from the record, the street number was incorrectly recorded as 18th Avenue, as opposed to 17th Avenue. Thus, based on the

---

[2] Both the ADA and the ADEA rely on the procedural requirements of Title VII. **See Shepherd v. United States Olympic Committee**, 94 F.Supp.2d 1136, 1143-44 (D. Colo. 2000) (ADA); **Adams v. Burlington Northern Railroad Co.**, 838 F.Supp. 1461, 1467 (D. Kan. 1993) (ADEA).

3

current state of the record, plaintiff may plausibly demonstrate that she was not culpable for the failure to receive the original notice of right to sue. It is entirely plausible that an EEOC employee was responsible for the transposition, or that some other series of events not attributable to plaintiff was responsible for the error.[3]

Nevertheless, even if plaintiff were the source of the error, the record at most establishes simple negligence on her part. I cannot find such inadvertence deprives her of her day in court. It appears that the specific factual scenario of this case is one of first impression in the federal courts, as I have found no case precisely analogous. However, reasoning from general principles, I conclude that the statute of limitations did not begin to run until plaintiff received the reissued notice of right to sue.[4] In this circuit, generally, "[i]n the absence of equitable considerations demanding a different result, receipt at a plaintiff's address of the right to sue letter constitutes receipt sufficient to start the running of the time period for filing a discrimination action." *Million v. Frank*, 47 F.3d 385, 388 (10th Cir. 1995). Here, however, the notice was not

---

[3] After the present motion was briefed, defendant filed supplemental documentation consisting of the EEOC case file in this matter. (*See Defendant's Supplemental Authority in Support of Motion To Dimiss* [#24], filed December 10, 2007.) Contained within that file is a log of telephone calls relevant to plaintiff's charge. Therein it is noted that on March 26, 2007, plaintiff's attorney called the agency to advise it that the notice had not been received because plaintiff "provided [the] EEOC with the wrong address." (*Id.*, App. Exh. 4 at 4.) To the extent I may consider this evidence in the context of a motion to dismiss, this statement is at least hearsay (the case worker's repetition of the attorney's statement). Moreover, defendant does not even point out this piece of evidence, much less argue that it establishes any culpability on plaintiff's part for the failure to receive the original notice.

[4] Nor am I persuaded by defendant's argument that the relevant statute, which states that suit must be brought "within 90 days of the *giving* of such notice," 42 U.S.C. § 2000e-5(f)(1) (emphasis added), should be interpreted to start the limitations clock on the date the EEOC mails the notice, regardless of when notice is actually received. The Tenth Circuit has specifically held otherwise. *Million v. Frank*, 47 F.3d 385, 388 n.5 (10th Cir. 1995) ("[T]his court and others have interpreted the term 'giving of such notice' in § 2000e-5(f)(1) to mean that the time period begins to run upon 'receipt' of the notice by the plaintiff.") (citing *Williams v. Southern Union Gas Co.*, 529 F.2d 483, 487 (10th Cir.), *cert. denied*, 97 S.Ct. 381 (1976)).

received at plaintiff's address. Because it was not, I find this case more analogous to that presented in ***Jackson v. Continental Cargo-Denver***, 183 F.3d 1186 (10th Cir. 1999), in which the plaintiff, who was temporarily residing elsewhere, did not pick up his mail for several weeks. He, therefore, was unaware of three certified mail receipts for the notice that were left in his mailbox. After reviewing the case law of other circuits, the Tenth Circuit was

> persuaded that starting the limitation period upon actual receipt of the right-to-sue letter is the view most in keeping with the language and purpose of the statute. The implementing regulation of the EEOC provides that the ninety-day period begins to run upon receipt by a plaintiff of his authorization to bring a civil action under Title VII. We agree with the court in ***Hornsby*** [***v. United States Postal Service***, 787 F.2d 87 (3rd Cir. 1986)] that it makes little sense to begin the period for bringing such an action before the plaintiff knows he has the right to do so, especially since Congress clearly intended that a Title VII plaintiff have a full ninety days in which to commence his suit. We are not at liberty to shorten that period by a crabbed construction of the events that trigger a plaintiff's receipt of notice that he is authorized to sue. To the contrary, Title VII is broad remedial legislation that must be liberally construed.

***Jackson***, 183 F.3d at 1189 (internal citations omitted). Although the court noted that "there may be a case in which a plaintiff knows or has reason to suspect that a certified letter being held for pick-up is, in fact, a right-to-sue letter from the EEOC but delays obtaining it in order to manipulate the limitation period," it found that such was not the case before it. ***Id***. at 1190 n.1.

This precedent indicates that a plaintiff's simple negligence or inadvertence in relation to receipt of the notice of right to sue does not start the running of the ninety-

5

day period at any point prior to actual receipt. There is no allegation or evidence here that plaintiff made any deliberate attempt to circumvent the limitations period. Moreover, and contrary to defendant's argument, plaintiff was under no affirmative obligation to demand a notice of right to sue once 180 days had elapsed since the filing of her charge. *See* 42 U.S.C. § 2000e-5(f)(1), 29 C.F.R. § 1601.28(a)(1). Therefore, the mere fact that plaintiff, through her attorney, did not inquire as to the status of her case until several months after that deadline passed is of no particular relevance. Plaintiff was entitled to allow the case to remain with the agency for further administrative review. Nothing in the mere fact of the agency's apparent delay in processing her claim necessarily would have caused plaintiff to investigate further.

Accordingly, I find that the ninety-day period for bringing suit did not begin to run until after plaintiff received the reissued notice of right to sue in May, 2007. This lawsuit was filed within that time period. Defendant's motion to dismiss, therefore, must be denied.

**THEREFORE, IT IS ORDERED** that defendant's **Motion To Dismiss** [#17], filed November 1, 2007, is **DENIED**.

Dated April 3, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Court**